IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID SHELBY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-589-MJR** |
| ) | |
| **M. GELIOS,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Federal Medical Center in Lexington, Kentucky, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

Plaintiff states that in November 2002, he received a disciplinary ticket for possession of narcotics. He was initially found guilty and punished with 40 days loss of good conduct credit, 180 days loss of visitation, and a disciplinary transfer to the Federal Correctional Institution in Florence, Colorado. He challenged the finding through the administrative process and then through the federal courts, eventually succeeding; the ticket was ordered expunged, and all privileges and good conduct credit were restored. *See Shelby v. United States*, Case No. 03-cv-1336 (D. Colo., filed July 24, 2003). The basis for this action, therefore, is not the ultimate outcome of the disciplinary ticket. Rather, Plaintiff claims that Defendants' actions led to a disruption of relationship with his minor children, as well as other family members. Presumably, then, Plaintiff is challenging the revocation of his visitation privileges, as well as the transfer to Colorado.

Prisoners do not have a fundamental right to visitation arising directly from the Constitution, *Kentucky Dep't of Corrections v. Thompson,* 109 S.Ct. 1904 (1989), but federal courts have observed that visitation may significantly benefit both the prisoner and his family. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 465-70 (1989) (Marshall, J., dissenting), quoted in *Wirsching*, 360 F.3d at 1198; *see also Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (stating that "access [to prisons] is essential ⋯ to families and friends of prisoners who seek to sustain relationships with them"). Nevertheless, "the very object of imprisonment is confinement," and "many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Furthermore,

> [Plaintiff's] transfer was authorized by 18 U.S.C. § 4082(b), which allows the Attorney General to designate the place of confinement for each federal prisoner; the Attorney General "may at any time transfer a person from one place of confinement to another." Miller concedes that § 4082(b) allows the Attorney General to move a prisoner for any reason or no reason (other than one, such as race, that a

> substantive portion of the Constitution forbids). *See Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983). The prisoner has no statutory entitlement to be held in one prison rather than another; §§ 4082(b) and 4083 jointly negate any such claim.

*Miller v. Henman*, 804 F.2d 421, 422-23 (7th Cir. 1986).

Based on these principles, it is clear that Plaintiff has no protected liberty interest in his visitation privileges, nor does he have a protected liberty interest in remaining in an institution close to his family. Therefore, he has not presented a viable constitutional claim against any Defendant arising from this disciplinary incident.

In summary, Plaintiff's complaint does not survive review under § 1915A, and this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 24th day of January, 2007.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**