# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID SHELBY,                          )
                                       )
               Plaintiff,              )
                                       )
vs.                                    )          CIVIL NO. 05-589-MJR
                                       )
M. GELIOS, *et al.*,                   )
                                       )
               Defendants.             )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion for relief from judgment (Doc. 13), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff argues that the Court misconstrued his claims, thus wrongly

dismissing his complaint.  These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal.  Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

Also before the Court is Plaintiff's motion to reopen the time to file an appeal (Doc. 14); he claims he did not receive notice of the dismissal until July 27, 2007.

> **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).

Plaintiff asserts that he was transferred from the FMC in Lexington to USP-Marion in June 2007.  It was only after he sent an inquiry to the Court that he learned, on July 27, 2007, of the dismissal of this action.[1]  The instant motion states that it was mailed on July 30, 2007, although it was not received by the Clerk until August 20, 2007.  Therefore, the motion is timely, and the Court finds that no party will be prejudiced by reopening the time to file a notice of appeal in this matter.

Accordingly, the Court hereby **GRANTS** Plaintiff's motion to reopen the time to file an appeal; Plaintiff shall have an additional **FOURTEEN (14) DAYS** from the date of entry of this order to file his notice of appeal.  That notice of appeal must be accompanied by the $455 appellate

---

[1] This action was dismissed on January 27, 2007, while Plaintiff was still at FMC-Lexington. The order and judgment were mailed to him at that location, although that mailing was returned to the Clerk as undeliverable.  It is not clear from the docket whether a second mailing was made.

filing and docketing fee or, in the alternative, a properly-supported motion for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

**DATED this 21st day of August, 2007.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**