# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID SHELBY, )
)
                        **Plaintiff,** )
)
vs. )   Case No. 05-cv-0589-MJR
)
M. GELIOS, PLILER and )
BOB WHITEHOUSE, )
)
                        **Defendants.** )

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

David Shelby, a federal inmate previously housed at the Federal Correctional Institution in Greenville, Illinois, filed this action under *Bivens v. Six Unknown Named Agents*, **403 U.S. 388 (1971)**. Shelby claims that his due process rights were violated during disciplinary proceedings because there was insufficient evidence to support the disciplinary hearing officer's finding. He was disciplined with the loss of good-time credits and visitation privileges, segregation and transfer to another facility. Shelby successfully challenged the disciplinary proceeding in habeas litigation brought in the District of Colorado under 28 U.S.C. § 2241. The district court granted his petition and ordered the Bureau of Prisoner to expunge the violation from his record and to reinstate his good-time credits. Seeking damages from the guard who filed the disciplinary report, another guard and the hearing officer, Shelby filed the instant action. On January 24, 2007, the undersigned Judge found that Shelby's complaint did not survive review under 28 U.S.C. § 1915A and dismissed it with prejudice.

1

On appeal, the Seventh Circuit Court of Appeals found that this Court had properly dismissed Shelby's challenges to the disciplinary transfer and revocation of visitation privileges. ***Shelby v. Gelios*, 287 Fed.Appx. 526, 528 (7th Cir. 2008)**. However, the Seventh Circuit vacated the pre-service dismissal of Shelby's claim for damages for the temporary loss of his good-time credits and remanded the action to this Court for further proceedings. *Id.* **at 529-30**.

On December 30, 2008, Shelby filed a motion for summary judgment which, while somewhat unclear, appears to seek summary judgment based on his having a colorable claim and having served the summons and complaint on each Defendant in a timely fashion. (Doc. 47). On February 2, 2009, Defendants Gelios and Pliler, the only Defendants who had been served at that time, responded to Shelby's motion (Doc. 48).[1] On March 26, 2009, Magistrate Judge Philip M. Frazier submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, recommending that Shelby's motion be denied. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. Shelby filed a timely objection to the Report and a motion for reconsideration of the Report (Docs. 56, 57).

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v.*

---

[1]Defendant Whitehouse was served on March 13, 2009, and filed an Answer on April 1, 2009.

*Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).

## II. Standard for summary judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. 56(c).** The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and makes all reasonable inferences in the non-movant's favor. *Anderson,* 477 U.S. at 255; *Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001); *Miranda v. Wisconsin Power & Light Company*, 91 F.3d 1011, 1014 (7th Cir. 1996).

Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. *Oest v. IDOC*, 240 F.3d 605, 610 (7th Cir. 2001); *Moore v. J.B. Hunt Transport, Inc*., 221 F.3d 944, 950 (7th Cir. 2000).

## III. Analysis

Because Shelby's motion is premature and does not meet the requirements of **FED. R. CIV. P. 56** and **Local Rule 7.1**, the Court will deny his motion.

It is Shelby's burden to establish both the absence of fact issues and entitlement to judgment as a matter of law. He has provided no depositions, affidavits or other documents in support of his motion for summary judgment. In his motion for reconsideration (Doc. 57), Shelby

states that he has "written evidence" from Gelios that supports his claim, but he did not provide that evidence with his motion for summary judgment, nor does he attach it to his motion for reconsideration.

All Defendants have answered and denied Shelby's allegations (Docs. 45, 55). His conclusory assertions that he has a colorable claim and has completed service of process on Defendants are insufficient to demonstrate the absence of a genuine issue of material fact. In sum, the documents submitted do not support a finding that the material facts are undisputed or that Shelby is entitled to judgment as a matter of law.

## IV. Conclusion

Having conducted *de novo* review, the Court **ADOPTS in its entirety** Judge Frazier's March 26, 2009, Report and Recommendation (Doc. 54) and **DENIES** Shelby's Motion for Summary Judgment (Doc. 47). The Court also **DENIES** Shelby's motion for reconsideration of the Report and Recommendation (Doc. 57).

**IT IS SO ORDERED.**

**DATED this 30th day of April, 2009**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**